## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LVP CP BOSTON LLC<br>1985 Cedar Bridge Avenue<br>Lakewood, New Jersey 08701 | : <br> : <br> : <br> : | |
| and | : <br> : | **CIVIL ACTION NO.**: |
| THE LIGHTSTONE GROUP LLC<br>1985 Cedar Bridge Avenue<br>Lakewood, New Jersey 08710 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Plaintiffs | : <br> : <br> : | |
| v. | : <br> : <br> : | |
| CRAWFORD ROOFING COMPANY, INC.,<br>701 Pikes Peak Road<br>Chickasha, Oklahoma 73023 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| HMB Group LLC<br>208 English Oaks Lane<br>McDonough, GA 30253 | : <br> : <br> : <br> : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs, LVP CP Boston LLC and The Lightstone Group LLC, by and through their attorneys, hereby assert as follows:

## THE PARTIES

1.      At all times material hereto, Plaintiff, LVP CP Boston LLC, was a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1985 Cedar Bridge Avenue, Lakewood, New Jersey 08701.

2.      At all times material hereto, Plaintiff, The Lightstone Group LLC, was a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business located at 1988 Cedar Bridge Avenue, Lakewood, New Jersey 08701.

3.      At all times material hereto, Defendant, Crawford Roofing Company, Inc. (hereinafter "Crawford"), was a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business located 701 Pikes Place Road, Chickasha, Oklahoma.

4.      At all times material hereto, Defendant, HMB Group LLC (hereinafter "HMB"), was a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business located at 208 English Oaks Lane, McDonough, Georgia.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a). There is diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00.

6.      Venue is properly laid in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §1391, as the events giving rise to this action occurred in this District.

## FACTS

7.      At all times material hereto, Plaintiff LVP CP Boston LLC owned the property known as The DoubleTree Hotel located at 50 Ferncroft Road in Danvers, Massachusetts (hereinafter "the property").

8.      At all times material hereto Plaintiff, The Lightstone Group LLC, assisted Plaintiff LVP CP Boston LLC with the management of the property.

9.      At all times material hereto, Crawford was in the business of the assembly, fabrication, sale, supply, construction and installation of roofs, roofing systems, and component parts for same.

10.     At all times material hereto, HMB was in the business of providing consulting and construction management work for the assembly, fabrication, sale, supply, construction and installation of roofs, roofing systems, and component parts for same including, but not limited to, inspection and certification of the work of others with respect to same.

11.     In September of 2011, Crawford was retained by Plaintiffs to assemble, fabricate, construct, and install roofs, including all sections and component parts, on certain buildings at the property.

12.     In September of 2011, HMB was retained by Plaintiffs to provide work and services in connection with the assembly, fabrication, construction, and installation of roofs, and all sections and component parts of the roofs, on certain buildings at the property, including, but not limited to, inspection and certification of the work of Crawford with respect to the assembly, fabrication, construction, and installation of the roofs, and all sections and component parts of same on the buildings at the property .

13.     Thereafter, Crawford and HMB completed their work in connection with the assembly, fabrication, construction, and installation of the roofs, including the sections and component parts on the buildings at the property, and including the inspection and certification of same (hereinafter collectively referred to as "the work").

14.     Shortly after Crawford and HMB completed the work, and on or around October 30, 2012, a roof on one of the buildings at the property failed because of improper performance of the work by Crawford and HMB.

15.     As a result, Plaintiffs suffered significant damage in the amount of not less than $942,831.21, which included, but was not limited to, the cost to demolish and remove the remains of the damaged roof, the cost to repair and replace the damage to the structure of the building caused by the failure of the roof, the cost to replace the roof which failed, the cost to repair or replace the damage to business personal property caused by the failure of the roof, and other incidental and consequential damages, including loss of hotel room rental revenue.

## LIABILITY

### COUNT I
### NEGLIGENCE
### PLAINTIFFS LVP CP BOSTON LLC AND THE LIGHTSTONE GROUP LLC V. CRAWFORD ROOFING COMPANY, INC.

16.     Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein at length.

17.     The failure of the roof and resulting damages were caused by negligence in the performance and completion of the work by Crawford, its agents, servants, subcontractors, and employees while acting within the course and scope of their agency, contract, retention, or employment, including but not limited to, the negligence in:

a)      failing to properly assemble, fabricate, construct and install the roof, including all sections and component parts, at the property;

b)      failing to adequately train and supervise agents, servants, subcontractors, and employees with regard to the proper assembly, fabrication, construction, and installation of the roof, including all sections and component parts, at the property;

c)      failing to adequately warn of the hazardous condition of the roof as a result of Crawford's improper assembly, fabrication,

construction, and assembly of the roof at the property, which
Crawford knew or should have known existed at the time of its
assembly, fabrication, construction, and installation of the roof,
including all sections and component parts, at the property;

d)  failing to comply with the applicable codes, standards, regulations,
ordinances, statutes, and industry custom and practice with regard
to the assembly, fabrication, construction, and installation of the
roof, including all sections and component parts, at the property;

e)  failing to perform the work in a good and workmanlike manner
and in accordance with industry custom and practice;

f)  wrongfully and improperly certifying or representing that the roof,
including all sections and component parts, at the property were in
compliance with the applicable codes, standards, and all other
applicable regulations, ordinances, and/or statutes after its
assembly, fabrication, construction, and installation of the roof,
including  all component parts; and

g)  otherwise failing to use due care under the circumstances.

18.     As a direct and proximate result of the negligent, carless, and/or reckless
acts and omissions of Crawford, and its agents, servants, subcontractors and/or employees,
Plaintiffs sustained substantial damages.

WHEREFORE, Plaintiffs LVP CP Boston LLC and The Lightstone Group LLC, demand
judgment against Defendant Crawford Roofing Company, Inc., for damages in the amount of not
less than $942,831.21 together with interest, the costs of this suit, attorney's fees, and such other
and further relief as may be awarded by the Court.

## COUNT II
## BREACH OF CONTRACT
## PLAINTIFFS LVP CP BOSTON LLC AND THE LIGHTSTONE GROUP LLC V.
## CRAWFORD ROOFING COMPANY, INC.

19.     Plaintiffs incorporate by reference the preceding paragraphs as if set forth
herein at length.

20.     For good and valuable monetary consideration paid to Crawford by Plaintiffs, Crawford entered into a contract with Plaintiffs whereby Crawford agreed to perform the work at the property.

21.     Pursuant to its contract with Plaintiffs, Crawford was required to perform the work at the property in a good and workmanlike manner, pursuant to all applicable codes, standards, regulations, ordinances, and statutes, and pursuant to industry custom and practice.

22.     Crawford breached its contract with Plaintiffs since it failed to fulfill and satisfy the aforesaid requirements of the contract by its improper assembly, fabrication, construction, and installation of the roofs, including all component parts, at the property.

23.     As a direct and proximate result of the breach of the contract by Crawford, Plaintiffs sustained substantial damages.

WHEREFORE, Plaintiffs, LVP CP Boston LLC and The Lightstone Group LLC, demand judgment against Defendant Crawford Roofing Company, Inc., for damages in the amount of not less than $942,831.21, together with interest, the costs of this suit, attorney's fees, and such other and further relief as may be awarded by the Court.

## COUNT III
## BREACH OF EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND GOOD AND WORKMANLIKE CONSTRUCTION AND QUALITY
## PLAINTIFFS LVP CP BOSTON LLC AND THE LIGHTSTONE GROUP LLC V. CRAWFORD ROOFING COMPANY, INC.

24.     Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein at length.

25.     Crawford expressly and impliedly warranted that the roof, including all component parts, assembled, fabricated, supplied, sold, constructed and installed by Crawford at

the property, were of merchantable quality, fit for intended purposes, and of good and workmanlike design, assembly, fabrication, installation, construction, and quality.

26. Plaintiffs relied upon the skill and judgment of Crawford to supply and install suitable roof and component parts for the buildings at the property which would be of merchantable quality, fit for intended purposes, and of good and workmanlike construction and quality.

27. Crawford assembled, fabricated, sold, supplied, installed and constructed roofs and component parts which were of poor and inadequate assembly, fabrication, installation, and construction, and which also were deficient, defective, and otherwise not fit for the intended purposes, thereby breaching its express and implied warranties.

28. As a direct and proximate result of Crawford's breaches of warranties, Plaintiffs sustained substantial damages.

WHEREFORE, Plaintiffs LVP CP Boston LLC and The Lightstone Group LLC, demand judgment against Defendant Crawford Roofing Company, Inc., for damages in the amount of not less than $942,831.21 together with interest, the costs of this suit, attorney's fees, and such other and further relief as may be awarded by the Court.

**COUNT IV**
**NEGLIGENCE**
**PLAINTIFFS LVP CP BOSTON LLC AND THE LIGHTSTONE GROUP LLC V. HMB GROUP LLC**

29. Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein at length.

30. The failure of the roof and resulting damages were caused by negligence in the performance and completion of the work by HMB, its agents, servants, subcontractors, and employees while acting within the course and scope of their agency, contract, retention, or employment, including but not limited to, the negligence in:

a)    failing to properly assemble, fabricate, construct and install the roof, including all sections and component parts, at the property;

b)    failing to adequately train and supervise agents, servants, subcontractors, and employees with regard to the proper assembly, fabrication, construction, and installation of the roof, including all sections and component parts, at the property;

c)    failing to adequately warn of the hazardous condition of the roof as a result of HMB's improper assembly, fabrication, construction, and assembly of the roof at the property, which HMB knew or should have known existed at the time of its assembly, fabrication, construction, and installation of the roof, including all sections and component parts, at the property;

d)    failing to comply with the applicable codes, standards, regulations, ordinances, statutes, and industry custom and practice with regard to the assembly, fabrication, construction, and installation of the roof, including all sections and component parts, at the property;

e)    failing to perform the work in a good and workmanlike manner and in accordance with industry custom and practice;

f)    wrongfully and improperly certifying or representing that the roof, including all sections and component parts, at the property were in compliance with the applicable codes, standards, and all other applicable regulations, ordinances, and/or statutes after its assembly, fabrication, construction, and installation of the roof, including  all component parts;

g)    failing to note, address, and correct the aforesaid improper installation of the roof when it inspected the work of Crawford; and

h)    otherwise failing to use due care under the circumstances.

31.    As a direct and proximate result of the negligent, carless, and/or reckless acts and omissions of HMB, and its agents, servants, subcontractors and/or employees, Plaintiffs sustained substantial damages.

WHEREFORE, Plaintiffs LVP CP Boston LLC and The Lightstone Group LLC, demand judgment against Defendant HMB Group LLC, for damages in the amount of not less than $942,831.21 together with interest, the costs of this suit, attorney's fees, and such other and further relief as may be awarded by the Court.

**COUNT V**
**BREACH OF CONTRACT**
**PLAINTIFFS LVP CP BOSTON LLC AND THE LIGHTSTONE GROUP LLC V. HMB GROUP LLC**

32.     Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein at length.

33.     For good and valuable monetary consideration paid to HMB by Plaintiffs, HMB entered into a contract with Plaintiffs whereby HMB agreed to perform the work at the property.

34.     Pursuant to its contract with Plaintiffs, HMB was required to perform the work at the property in a good and workmanlike manner, pursuant to all applicable codes, standards, regulations, ordinances, and statutes, and pursuant to industry custom and practice.

35.     HMB breached its contract with Plaintiffs since it failed to fulfill and satisfy the aforesaid requirements of the contract by its failure to ensure that the assembly, fabrication, construction, and installation of the roofs, including all component parts, at the property was done in in a good and workmanlike manner, pursuant to all applicable codes, standards, regulations, ordinances, and statutes, and pursuant to industry custom and practice.

36.     As a direct and proximate result of the breach of the contract by HMB, Plaintiffs sustained substantial damages.

WHEREFORE, Plaintiffs, LVP CP Boston LLC and The Lightstone Group LLC, demand judgment against Defendant HMB Group LLC, for damages in the amount of not less than

$942,831.21, together with interest, the costs of this suit, attorney's fees, and such other and further relief as may be awarded by the Court.

**COUNT VI**
**BREACH OF EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, AND GOOD AND WORKMANLIKE CONSTRUCTION AND QUALITY**
**PLAINTIFFS LVP CP BOSTON LLC AND THE LIGHTSTONE GROUP LLC V. CRAWFORD ROOFING COMPANY, INC.**

37.    Plaintiffs incorporate by reference the preceding paragraphs as if set forth herein at length.

38.    HMB expressly and impliedly warranted that the roof, including all component parts, assembled, fabricated, supplied, sold, constructed, installed, inspected, and/or certified by HMB at the property, were of merchantable quality, fit for intended purposes, and of good and workmanlike design, assembly, fabrication, installation, construction, and quality.

39.    Plaintiffs relied upon the skill and judgment of HMB to supply and install suitable roof and component parts for the buildings at the property which would be of merchantable quality, fit for intended purposes, and of good and workmanlike construction and quality.

40.    HMB assembled, fabricated, sold, supplied, installed and constructed roofs and component parts which were of poor and inadequate assembly, fabrication, installation, and construction, and which also were deficient, defective, and otherwise not fit for the intended purposes, thereby breaching its express and implied warranties.

41.    As a direct and proximate result of HMB's breaches of warranties, Plaintiffs sustained substantial damages.

WHEREFORE, Plaintiffs LVP CP Boston LLC and The Lightstone Group LLC, demand judgment against Defendant HMB Group LLC for damages in the amount of not less than $942,831.21 together with interest, the costs of this suit, attorney's fees, and such other and further relief as may be awarded by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, LVP CP Boston LLC and The Lightstone Group LLC, demand judgment against Defendants, Crawford Roofing Company, Inc. and HMB Group LLC, as follows:

1. For an award of damages in an amount to be proven at the time of trial, but not less than $942,831.21;

2. For a judgment that the Defendants are jointly and severally liable to the Plaintiffs for these damages;

3. For an award of an interest to the full extent allowed by law;

4. For the costs of this litigation, including all expenses and attorney's fees to the full extent allowed by law; and

5. For such other and further relief as the Court deems just and equitable.

DATED: 11/21/13

Plaintiffs LVP CP Boston LLC and The Lightstone Group LLC,
By Their Attorney,

/s/ Patrick J. Loftus III
Patrick J. Loftus, III (BBO #303310)
9 Park Street – Suite 500
Boston, MA 02108
(617) 723-7700
(617) 248-9752

CO-COUNSEL:
Daniel C. Theveny, Sr., Esq.
Cozen O'Connor
1900 Market Street|
Philadelphia, PA  19103